Law Offices of Kenneth Lowell Rose
161 Prospect Street
Passaic, New Jersey 07055
973-779-0100
ken@kennethroselaw.com
KR No. 0687
Attorney for Plaintiff Valley National Bank

# United States Bankruptcy Court

# District of New Jersey

| | |
|---|---|
| In re JUSTIN ALLEN MIHALIK ) | Case No. 10-14423-NLW |
| **Debtor** ) | **Chapter 7** |
| ) | |
| **VALLEY NATIONAL BANK** ) | Adv. Proc. No. _____ |
| **Plaintiff** ) | |
| ) | Hearing Date: |
| **v.** ) | |
| ) | |
| **JUSTIN ALLEN MIHALIK** ) | |
| **Defendant** ) | **COMPLAINT** |

Plaintiff, Valley National Bank, with primary offices located at 1455 Valley Road,

Township of Wayne, County of Passaic and State of New Jersey by way of Complaint against

the Defendant, JUSTIN ALLEN MIHALIK says:

-1-

1. At all times relevant hereto, the Defendant Justin Allen Mihalik resided at 31 Park Lane, Essex Fells, New Jersey.

2. The Plaintiff brings this adversary proceeding action pursuant to 28 U.S.C. §1334 as the Defendant has filed a Bankruptcy Petition seeking relief under Chapter 7 of the Bankruptcy laws and has named the Plaintiff as Creditor.

3. This matter is a core proceeding within the definition of 28 U.S.C. §157(b)(2)(B).

4. This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

5. The Defendant, Justin Allen Mihalik is seeking to discharge his obligation to the Plaintiff in these proceedings.

6. The Defendant, Justin Allen Mihalik became indebted to the Plaintiff in the amount of $100,000 by a certain Note dated October 14, 2003, a copy of which is attached hereto as **Exhibit A.**

7. In order to facilitate the Plaintiff loaning the monies to the Defendant, the Defendant was required to submit a financial application statement. The statement contained a certification that the signer represented that the facts contained in the application statement were true.

8. The statement also contained a statement that the signer agreed to advise the Plaintiff if there was any material change to the applicant's financial status or to the information contained in the application form. A copy of the application is attached hereto as **Exhibit B.**

-2-

9. The Defendant transferred all right, title and interest in his ownership in his home, located at 31 Park Lane, Essex Fells, New Jersey to his wife Andrea Mihalik by deed dated April 29, 2004. A copy of the deed is attached hereto as **Exhibit C.**

10. The Defendant intentionally and deliberately failed to advise the Plaintiff of  the divestiture of his ownership interest in and to the marital home. Further in the year 2005, 2006, 2007 and 2008 the Defendant intentionally misrepresented to the Plaintiff his assets, claiming that he still was the owner of the marital property, which was a significant asset and specifically included and misrepresented the increase in value of the property, that he did not own, as an asset on those statements. The Defendant made continuing knowing and material misrepresentations of fact on his financial statements. Copies of the statements from the years, 2005, 2006, 2007 and 2008 are attached hereto as **Exhibit D.**

11. The Defendant made material misrepresentations of fact on the financial statements with the intent that the Plaintiff rely thereon to its detriment which it did. Further, the Defendant filed Income Tax Returns for said years in question that continued this fraudulent scheme.  The Defendant knew at all times relevant hereto, that the Plaintiff was relying on the Defendant's representations in the financial statements in connection with the Plaintiff's extension of credit and monies to the Defendant.

12. The Defendant then defaulted on the payment of the Note.

13. Pursuant to 11 U.S.C. 532(a)(2), the Plaintiff demands that the Plaintiff's loan not be discharged by the Bankruptcy Court due to the Defendant's intentional and/or fraudulent misrepresentations on his financial statements.

WHEREFORE, the Plaintiff respectfully requests that this Court grant Judgment as

follows:

    (a)    Pursuant to 11. U.S.C. §532(a)(2), disallow any claim of the Defendant against

this Plaintiff; and

    (b)    Grant such other and further relief to the Plaintiff as may be just, proper and

equitable.

                Law Offices of Kenneth Lowell Rose

                Kenneth Lowell Rose, Esq.
                Attorney for Plaintiff, Valley National Bank

Dated: March 26, 2010

-4-

# PERSONAL FINANCIAL STATEMENT AS OF _6-27-05_
Date

SUBMITTED TO: _____

**NORCROWN BANK**
66 West Mt. Pleasant Ave.
PO Box 1637
Livingston, NJ 07039

© 1989 Robert Morris Associates - Form C-101 Rev. 12/89
ORDER FROM Bankers Systems, Inc., St. Cloud, MN 56302
These forms are intended for use in commercial lending transactions.
Where any other use is contemplated, it is suggested that a careful review
be made to ensure compliance with applicable laws and regulations.

**rma**

## PERSONAL INFORMATION

| APPLICANT (NAME) | Justin A. Mihalik | CO-APPLICANT (NAME) | |
|---|---|---|---|
| Employer | Self (J.A. Mihalik Architect, LLC) | Employer | |
| Address of Employer | 2 E. Northfield Rd. Livingston, NJ | Address of Employer | |

| Business Phone No. | No. of Years with Employer | Title/Position | Business Phone No. | No. of Years with Employer | Title/Position |
|---|---|---|---|---|---|
| 973 994-224 | 7 | OWNER/PRINCIPAL | | | |

| Name of previous employer & position (if with current employer less than 3 yrs.) | No. of Yrs. | Name of previous employer & position (if with current employer less than 3 yrs.) | No. of Yrs. |
|---|---|---|---|
| | | | |

| Home Address | Home Address |
|---|---|
| 31 Park Lane, Essex Fells, NJ | |

| Home Phone No. | Social Security No. | Date of Birth | Home Phone No. | Social Security No. | Date of Birth |
|---|---|---|---|---|---|
| 973 226-1224 | 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 | 09-13-70 | | | |

| Name, Phone No. of your Accountant | Name, Phone No. of your Accountant |
|---|---|
| R.D. Hunter + Co.   201 261-4030 | |

| Name, Phone No. of your Attorney | Name, Phone No. of your Attorney |
|---|---|
| Jerry Casser   973 758-1300 | |

| Name, Phone No. of your Investment Advisor/Broker | Name, Phone No. of your Investment Advisor/Broker |
|---|---|
| Brian Vitale   732 356-3836 | |

| Name, Phone No. of your Insurance Advisor | Name, Phone No. of your Insurance Advisor |
|---|---|
| Jack Reiner   973 376-6810 | |

## Cash Income & Expenditures Statement For Year Ended _____ (Omit cents)

| ANNUAL INCOME | AMOUNT ($) | ANNUAL EXPENDITURES | | AMOUNT ($) |
|---|---|---|---|---|
| Salary (applicant) | $ 75,000.00 | Federal Income and Other Taxes | | $ 13,400.00 |
| Salary (co-applicant) | | State Income and Other Taxes | | 3,500.00 |
| Bonuses & Commissions (applicant) | | Rental Payments, Co-op, or Condo Maintenance | | |
| Bonuses & Commissions (co-applicant) | | Mortgage Payments | Residential | 15,576.00 |
| | | | Investment | |
| Rental Income | | Property Taxes | Residential | 5400.00 |
| | | | Investment | |
| Interest Income | 100.00 | Interest & Principal Payments on Loans | | -0.00 |
| Dividend Income | 100.00 | Insurance | | 950.00 |
| Capital Gains | | Investments (including tax shelters) | | 0.00 |
| Partnership Income | 0.00 | Alimony/Child Support | | |
| Other Investment Income | | Tuition | | |
| Other Income (List)** (SPOUSE) | 50,000.00 | Other Living Expense | | 50,000.00 |
| | | Medical Expenses | | 1,400.00 |
| | | Other Expense (List) | | 20,000.00 |
| **TOTAL INCOME ▶** | $ 125,200.00 | **TOTAL EXPENDITURES ▶** | | $ 110,226 |

Any significant changes expected in the next 12 months? ☐ Yes ☐ No (If yes, attach information.)
** Income from alimony, child support, or separate maintenance income need not be revealed if the
applicant or co-applicant does not wish to have it considered as a basis for repaying this obligation.

Balance Sheet as of _____

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| Cash in this Bank (including money market accounts, CDs) | $ | Notes Payable to this Bank | X  X  X |
| | | Secured | $ |
| | | Unsecured | 91,241 |
| Cash in Other Financial Institutions (List) (including money market accounts, CDs) | | Notes Payable to Others (Schedule E) | X  X  X |
| BUSINESS:  JA Mihalik Arch., LLC | 27,250.00 | Secured | |
| J+J Dev. Group | 1,750.00 | Unsecured | |
| Prop. Dev. Group | 102,654.00 | Accounts Payable (including credit cards) | 9,000 |
| J Am Dev. Group | 484.00 | Margin Accounts | |
| Readily Marketable Securities (Schedule A) | 85,000.00 | Notes Due: Partnership (Schedule D) | |
| Non-Readily Marketable Securities (Schedule A) | | Taxes Payable | |
| Accounts and Notes Receivable | | Mortgage Debt (Schedule C) | 271,396 |
| Net Cash Surrender Value of Life Insurance (Schedule B) | -0- | Life Insurance Loans (Schedule B) | |
| Residential Real Estate (Schedule C) | 580,000.00 | Other Liabilities (List): | |
| Real Estate Investments (Schedule C) | | | |
| Partnerships / PC Interests (Schedule D) | 637,990.00 | | |
| IRA, Keogh, Profit-Sharing & Other Vested Retirement Accts. | 25,000.00 | | |
| Deferred Income (number of years deferred _____) | | | |
| Personal Property (including automobiles) | 30,000.00 | | |
| Other Assets (List): | | | |
| BUS. MARKET VALUE (ARCH) | 650,000.00 | | |
| | | | |
| | | | |
| | | TOTAL LIABILITIES | |
| | | NET WORTH | |
| | $2,140,128 | | $371,637 |

| CONTINGENT LIABILITIES | YES | NO | AMOUNT |
|---|---|---|---|
| ① Are you a guarantor, co-maker, or endorser for any debt of an individual, corporation, or partnership? | ☒ | ☐ | $ _____ |
| Do you have any outstanding letters of credit or surety bonds? | ☐ | ☒ | _____ |
| Are there any suits or legal actions pending against you? | ☐ | ☒ | _____ |
| ② Are you contingently liable on any lease or contract? | ☒ | ☐ | _____ |
| Are any of your tax obligations past due? | ☐ | ☒ | _____ |
| What would be your total estimated tax liability if you were to sell your major assets? | | | _____ |

If yes for any of the above, give details:

① DEBTS ARE LISTED iN SCHEDULE E

② LEASES FOR OFFICE EQUIP. RENT and AUTO.

**Schedule A - All Securities (including non-money market mutual funds)**

| No. of Shares (Stock) or Face Value (Bonds) | DESCRIPTION | OWNER(S) | WHERE HELD | COST | CURRENT MARKET VALUE | PLEDGED | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| READILY MARKETABLE SECURITIES (Including U.S. Governments and Municipals)* | | | | | | | |
| | FIDELITY INVEST. | | | | 40,000.00 | ☐ | ☐ |
| | MANAGER'S CHOICE | | | | 45,000.00 | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| NON-READILY MARKETABLE SECURITIES (closely held, thinly traded, or restricted stock) | | | | | | | |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |

* If not enough space, attach a separate schedule or brokerage statement and enter totals only.

## Schedule B - Insurance
**Life Insurance** (use additional sheet if necessary)

| Insurance Company | Face Amount of Policy | Type of Policy | Beneficiary | Cash Surrender Value | Amount Borrowed | Ownership |
|---|---|---|---|---|---|---|
| BANNER | 250 K | TERM | SPOUSE | Ø | Ø | |
| BANNER | 1.0M | TERM | SPOUSE | Ø | Ø | |
| | | | | | | |

| Disability Insurance | Applicant | Co-Applicant |
|---|---|---|
| Monthly Distribution if Disabled | | |
| Number of Years Covered | | |

## Schedule C - Personal Residence & Real Estate Investments, Mortgage Debt (majority ownership only)

**Personal Residence**

| Property Address | Legal Owner | Purchase Year | Price | Market Value | Present Loan Balance | Interest Rate | Loan Maturity Date | Monthly Payment | Lender |
|---|---|---|---|---|---|---|---|---|---|
| 31 PARK LANE | SELF/SPOUSE | 2002 | 365K | 580K | 271,396 | ✓ | 2032 | 1,748 | WORLD SAVINGS |
| | | | | | | | | | |
| | | | | | | | | | |

**Investment**

| Property Address | Legal Owner | Purchase Year | Price | Market Value | Present Loan Balance | Interest Rate | Loan Maturity Date | Monthly Payment | Lender |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

## Schedule D - Partnerships (less than majority ownership for real estate partnerships)*

| Type of Investment | Date of Initial Investment | Cost | Percent Owned | Current Market Value | Balance Due on Partnerships; Notes, Cash Call | Final Contribution Date |
|---|---|---|---|---|---|---|
| **Business/Professional (indicate name):** | | | | | | |
| J+J DEV. GROUP LLC | 10-1-02 | 50,000 | 50% | 750,000 | 460,400 | OPEN |
| PROPERTY DEV. GROUP LLC | 10-1-03 | 25,000 | 50% | 150,980 | 119,600 | OPEN |
| **Investments (including Tax Shelters):** | | | | | | |
| PADK Developers | 11-1-04 | | 25% | 750,000 | 567,800 | OPEN |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

* Note: For investments which represent a material portion of your total assets, please include the relevant financial statements or tax returns, or in the case of partnership investments or S-corporations, schedule K-1s.

## Schedule E - Notes Payable

| Due to | Type of Facility | Amount of Line | Secured Yes | Secured No | Collateral | Interest Rate | Maturity | Unpaid Balance |
|---|---|---|---|---|---|---|---|---|
| NORCROWN BANK | | 100,000 | ☐ | ☒ | | 6.75 | 6/30/05 | 86,241 |
| Interchange BANK | | 100,000 | ☒ | ☐ | REAL ESTATE | 6.25 | 5/12/35 | 100,000 |
| | | | ☐ | ☐ | | | | |

**Please Answer The Following Questions:**

1. Income tax returns filed through (date): _Dec. 31, 2004_ Are any returns currently being audited or contested? ☐ Yes ☒ No

   If yes, what year(s)? _____

2. Have (either of) you or any firm in which you were a major owner ever declared bankruptcy? ☐ Yes ☒ No

   If yes, please provide details: _____

3. Have you drawn a will? ☒ Yes ☐ No

   If yes, please furnish the name of the executor(s) and year will was drawn: _Andrea Mihalik 2004_

4. Number of dependents (excluding self) and relationship to applicant: _WIFE, DAUGHTER, SON_

5. Have you ever had a financial plan prepared for you? ☒ Yes ☐ No

6. Did you include two years federal and state tax returns? ☒ Yes ☐ No

7. Do (either of) you have a line of credit or unused credit facility at any other institution(s)? ☐ Yes ☒ No

   If so, please indicate where, how much, and name of banker: _____

   _____

   _____

8. Do you anticipate any substantial inheritances? ☐ Yes ☒ No

   If yes, please explain: _____

   _____

---

**Representations and Warranties**

The information contained in this statement is provided to induce you to extend or to continue the extension of credit to the undersigned or to others upon the guarantee of the undersigned. The undersigned acknowledge and understand that you are relying on the information provided herein in deciding to grant or continue credit or to accept a guarantee thereof. Each of the undersigned represents, warrants and certifies that the information provided herein is true, correct and complete. Each of the undersigned agrees to notify you immediately and in writing of any change in name, address, or employment and of any material adverse change (1) in any of the information contained in this statement or (2) in the financial condition of any of the undersigned or (3) in the ability of any of the undersigned to perform its (or their) obligations to you. In the absence of such notice or a new and full written statement, this should be considered as a continuing statement and substantially correct. If the undersigned fail to notify you as required above, or if any of the information herein should prove to be inaccurate or incomplete in any material respect, you may declare the indebtedness of the undersigned or the indebtedness guaranteed by the undersigned, as the case may be, immediately due and payable. You are authorized to make all inquiries you deem necessary to verify the accuracy of the information contained herein and to determine the credit-worthiness of the undersigned. The undersigned authorize any person or consumer reporting agency to give you any information it may have on the undersigned. Each of the undersigned authorizes you to answer questions about your credit experience with the undersigned. As long as any obligation or guarantee of the undersigned to you is outstanding, the undersigned shall supply annually an updated financial statement. This personal financial statement and any other financial or other information that the undersigned give you shall be your property.

_6-27-05_
**Date**

_[signature]_
**Your Signature**

_____
**Date**

_____
**Co-Applicant's Signature (if you are requesting the financial accommodation jointly)**

# PERSONAL FINANCIAL STATEMENT AS OF 6-30-06

Date

SUBMITTED TO: _____ **Valley National Bank**

## PERSONAL INFORMATION

| APPLICANT (NAME) Justin A. Mihalik | CO-APPLICANT (NAME) |
|---|---|
| Employer SELF / J.A. Mihalik Architect, LLC | Employer |
| Address of Employer 2 E. Northfield Rd. Livingston, NJ | Address of Employer |

| Business Phone No. 973 994-2724 | No. of Years with Employer 8 | Title/Position OWNER/PRINCIPAL | Business Phone No. | No. of Years with Employer | Title/Position |
|---|---|---|---|---|---|

| Name of previous employer & position (if with current employer less than 3 yrs.) | No. of Yrs. | Name of previous employer & position (if with current employer less than 3 yrs.) | No. of Yrs. |
|---|---|---|---|

| Home Address 31 Park Lane Essex Fells, NJ | Home Address |
|---|---|

| Home Phone No. 973 226-1224 | Social Security No. 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 | Date of Birth 9-13-70 | Home Phone No. | Social Security No. | Date of Birth |
|---|---|---|---|---|---|

| Name, Phone No. of your Accountant Hunter Group CPA, LLC 201 261-4030 | Name, Phone No. of your Accountant |
|---|---|
| Name, Phone No. of your Attorney Jerry Casser, PC    973 758-1300 | Name, Phone No. of your Attorney |
| Name, Phone No. of your Investment Advisor/Broker Brian Vitale    732 356-3836 | Name, Phone No. of your Investment Advisor/Broker |
| Name, Phone No. of your Insurance Advisor Jack Reiner    973 376-6810 | Name, Phone No. of your Insurance Advisor |

These forms are intended for use in commercial lending transactions. Where any other use is contemplated, it is suggested that a careful review be made to ensure compliance with applicable laws and regulations.

## Cash Income & Expenditures Statement For Year Ended 12-31-06 (Omit cents)

| ANNUAL INCOME | AMOUNT ($) | ANNUAL EXPENDITURES | | AMOUNT ($) |
|---|---|---|---|---|
| Salary (applicant) | $ 85,000.00 | Federal Income and Other Taxes (2005) | | $ 1,329 |
| Salary (co-applicant) | | State Income and Other Taxes (2005) | | 1,248 |
| Bonuses & Commissions (applicant) | | Rental Payments, Co-op, or Condo Maintenance | | |
| Bonuses & Commissions (co-applicant) | | Mortgage Payments | Residential Investment | 16,760 |
| Rental Income | | Property Taxes | Residential Investment | 5,800 |
| Interest Income | 150.00 | Interest & Principal Payments on Loans | | 10,000 |
| Dividend Income | 130.00 | Insurance | | 4,600 |
| Capital Gains | | Investments (including tax shelters) | | — |
| Partnership Income | 0.00 | Alimony/Child Support | | — |
| Other Investment Income | | Tuition (childcare) | | 16,000 |
| Other Income (List)** Spouse | 65,000 | Other Living Expense | | 50,000 |
| | | Medical Expenses | | 3,400 |
| | | Other Expense (List) | | 20,000 |
| TOTAL INCOME ▶ | $ 150,280 | TOTAL EXPENDITURES ▶ | | $ 129,137 |

Any significant changes expected in the next 12 months?   ☐ Yes   ☐ No (If yes, attach information).

** Income from alimony, child support, or separate maintenance income need not be revealed if the applicant or co-applicant does not wish to have it considered as a basis for repaying this obligation.

**Balance Sheet as of** _____

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| Cash in this Bank (including money market accounts, CDs) | $ 5325 | Notes Payable to this Bank | X  X  X |
| | | Secured | $ |
| Cash in Other Financial Institutions (List) (including money market accounts, CDs) | 4800 | Unsecured | 98,241 |
| | | Notes Payable to Others (Schedule E) | X  X  X |
| | | Secured | |
| | | Unsecured | 466,635 |
| | | Accounts Payable (including credit cards) I.A.M Malik Acct  Justin Malik | 78264 |
| | | Margin Accounts | |
| Readily Marketable Securities (Schedule A) | — | Notes Due: Partnership (Schedule D) | 175,830 |
| Non-Readily Marketable Securites (Schedule A) | — | Taxes Payable | 265,000 |
| Accounts and Notes Receivable | — | Mortgage Debt (Schedule C) | |
| Net Cash Surrender Value of Life Insurance (Schedule B) | — | Life Insurance Loans (Schedule B) | — |
| Residential Real Estate (Schedule C) | 700,000 | Other Liabilities (List): | |
| Real Estate Investments (Schedule C) | — | | |
| Partnerships / PC Interests (Schedule D) | 1,060,993 | | |
| IRA, Keogh, Profit-Sharing & Other Vested Retirement Accts. | 8,000 | | |
| Deferred Income (number of years deferred _____ ) | | | |
| Personal Property (including automobiles) | 40,000 | | |
| Other Assets (List): BUS. MKT VALUE | 650,000 | | |
| | | | |
| | | | |
| | | TOTAL LIABILITIES | |
| | | NET WORTH | |
| | $2,469,118 | | $1,083,970 |

| CONTINGENT LIABILITIES | YES | NO | AMOUNT |
|---|---|---|---|
| Are you a guarantor, co-maker, or endorser for any debt of an individual, corporation, or partnership?  See schedule D | ☒ | ☐ | $ _____ |
| Do you have any outstanding letters of credit or surety bonds? | ☐ | ☒ | _____ |
| Are there any suits or legal actions pending against you? | ☐ | ☒ | _____ |
| Are you contingently liable on any lease or contract?  OFFICE EQUIP, Rent + Auto | ☒ | ☐ | _____ |
| Are any of your tax obligations past due? | ☐ | ☒ | _____ |

What would be your total estimated tax liability if you were to sell your major assets?   _____

If yes for any of the above, give details:

① Debts are listed in Schedule E

② Leases for office Equip, rent and Auto

### Schedule A - All Securities (including non-money market mutual funds)

| No. of Shares (Stock) or Face Value (Bonds) | DESCRIPTION | OWNER(S) | WHERE HELD | COST | CURRENT MARKET VALUE | PLEDGED | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| READILY MARKETABLE SECURITIES (including U.S. Governments and Municipals) * | | | | | | | |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| NON-READILY MARKETABLE SECURITIES (closely held, thinly traded, or restricted stock) | | | | | | | |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |

* If not enough space, attach a separate schedule or brokerage statement and enter totals only.

## Schedule B - Insurance

**Life Insurance** (use additional sheet if necessary)

| Insurance Company | Face Amount of Policy | Type of Policy | Beneficiary | Cash Surrender Value | Amount Borrowed | Ownership |
|---|---|---|---|---|---|---|
| Banner | 250K | Term | SPOUSE | 0 | 0 | Justin A Mihalik |
| Banner | 1.0 M | Term | SPOUSE | 0 | 0 | Justin A. Mihalik |

| Disability Insurance | Applicant | Co-Applicant |
|---|---|---|
| Monthly Distribution if Disabled | | |
| Number of Years Covered | | |

## Schedule C - Personal Residence & Real Estate Investments, Mortgage Debt (majority ownership only)

**Personal Residence**

| Property Address | Legal Owner | Purchase Year | Price | Market Value | Present Loan Balance | Interest Rate | Loan Maturity Date | Monthly Payment | Lender |
|---|---|---|---|---|---|---|---|---|---|
| 31 PARK LANE ESSEX FELLS, NJ | SELF/SPOUSE | 2002 | 365K | 700K | 265K | | 2032 | 1,880 | World Savings |
| | | | | | | | | | |
| | | | | | | | | | |

**Investment**

| Property Address | Legal Owner | Purchase Year | Price | Market Value | Present Loan Balance | Interest Rate | Loan Maturity Date | Monthly Payment | Lender |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

## Schedule D - Partnerships (less than majority ownership for real estate partnerships)*

| Type of Investment | Date of Initial Investment | Cost Initial Invest | Percent Owned | Current Market Value | Balance Due on Partnerships: Notes, Cash Call | Final Contribution Date |
|---|---|---|---|---|---|---|
| **Business/Professional (Indicate name):** | | | | | | |
| J+J Dev. Group LLC | 10-1-02 | 50,000 | 50% | 1,200,000 | 44,500 | OPEN |
| PROPERTY Dev. Group LLC | 10-1-03 | 25,000 | 50% | 70,525 | 87,160 | OPEN |
| **Investments (Including Tax-Shelters):** | | | | | | |
| PDDK Dev. Group LLC | 11-1-04 | 1,750 | 25% | 1,250,000 | 560,000 | OPEN |
| JAM Development Grp LLC | 5-2-03 | 75,000 | 100% | 113,230 | 0 | — |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

* **Note:** For investments which represent a material portion of your total assets, please include the relevant financial statements or tax returns, or in the case of partnership investments or S-corporations, schedule K-1s.

## Schedule E - Notes Payable

| Due to | Type of Facility | Amount of Line | Secured Yes | Secured No | Collateral | Interest Rate | Maturity | Unpaid Balance |
|---|---|---|---|---|---|---|---|---|
| VALLEY NAT'L BK | | 100,000 | ☐ | ☒ | | 9% | 8/18/06 | 98,241 |
| SOVEREIGN BANK | 50% ownership | 1,039,708 | ☒ | ☐ | J+J properties | 9% | 8/28/07 | 539,271 |
| ✓ ✓ | | 200,000 | ☒ | ☐ | 31 Park Lane | variable | 30 years | 197,000 |
| | | | ☐ | ☐ | | | | |

**Please Answer The Following Questions:**

1. Income tax returns filed through (date): __12-31-05__ Are any returns currently being audited or contested?  ☐ Yes  ☑ No

   If yes, what year(s)? _____

2. Have (either of) you or any firm in which you were a major owner ever declared bankruptcy?  ☐ Yes  ☑ No

   If yes, please provide details: _____

3. Have you drawn a will?  ☐ Yes  ☑ No

   If yes, please furnish the name of the executor(s) and year will was drawn: __Andrea Mihalik, 2004__

4. Number of dependents (excluding self) and relationship to applicant: __3/ wife, daughter and son__

5. Have you ever had a financial plan prepared for you?  ☑ Yes  ☐ No

6. Did you include two years federal and state tax returns?  ☑ Yes  ☐ No

7. Do (either of) you have a line of credit or unused credit facility at any other institution(s)?  ☑ Yes  ☐ No

   If so, please indicate where, how much, and name of banker: __Sovereign Bank  $200,000  Scott Powers__

   _____
   _____

8. Do you anticipate any substantial inheritances?  ☐ Yes  ☑ No

   If yes, please explain: _____

---

**Representations and Warranties**

   The information contained in this statement is provided to induce you to extend or to continue the extension of credit to the undersigned or to others upon the guarantee of the undersigned. The undersigned acknowledge and understand that you are relying on the information provided herein in deciding to grant or continue credit or to accept a guarantee thereof. Each of the undersigned represents, warrants and certifies that the information provided herein is true, correct and complete. Each of the undersigned agrees to notify you immediately and in writing of any change in name, address, or employment and of any material adverse change (1) in any of the information contained in this statement or (2) in the financial condition of any of the undersigned or (3) in the ability of any of the undersigned to perform its (or their) obligations to you. In the absence of such notice or a new and full written statement, this should be considered as a continuing statement and substantially correct. If the undersigned fail to notify you as required above, or if any of the information herein should prove to be inaccurate or incomplete in any material respect, you may declare the indebtedness of the undersigned or the indebtedness guaranteed by the undersigned, as the case may be, immediately due and payable. You are authorized to make all inquiries you deem necessary to verify the accuracy of the information contained herein and to determine the credit-worthiness of the undersigned. The undersigned authorize any person or consumer reporting agency to give you any information it may have on the undersigned. Each of the undersigned authorizes you to answer questions about your credit experience with the undersigned. As long as any obligation or guarantee of the undersigned to you is outstanding, the undersigned shall supply annually an updated financial statement. This personal financial statement and any other financial or other information that the undersigned give you shall be your property.

__8/8/06__
**Date**

**Your Signature**

**Date**

**Co-Applicant's Signature (if you are requesting the financial accommodation jointly)**

# PERSONAL FINANCIAL STATEMENT AS OF _6-30-07_
Date

## Valley National Bank

SUBMITTED TO: _____

| PERSONAL INFORMATION | | |
|---|---|---|

**APPLICANT (NAME)** _Justin A. Mihalik_

**CO-APPLICANT (NAME)**

**Employer** _SELF / J.A. Mihalik Architect, LLC_

**Employer**

**Address of Employer** _2 E. Northfield Rd. Livingston, NJ_

**Address of Employer**

| Business Phone No. _973 994-2214_ | No. of Years with Employer _9_ | Title/Position _OWNER/PRINCIPAL_ | Business Phone No. | No. of Years with Employer | Title/Position |
|---|---|---|---|---|---|

| Name of previous employer & position (if with current employer less than 3 yrs.) | No. of Yrs. | Name of previous employer & position (if with current employer less than 3 yrs.) | | No. of Yrs. |
|---|---|---|---|---|

**Home Address** _31 Park Lane Essex Fells, NJ_

**Home Address**

| Home Phone No. _973 226-7224_ | Social Security No. _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_ | Date of Birth _9-13-70_ | Home Phone No. | Social Security No. | Date of Birth |
|---|---|---|---|---|---|

Name, Phone No. of your Accountant _BOYKAS + CO  973 244-9213_

Name, Phone No. of your Accountant

Name, Phone No. of your Attorney _Jerry Casser, PC  973 758-1300_

Name, Phone No. of your Attorney

Name, Phone No. of your Investment Advisor/Broker _Brian Vitale  732 356-3836_

Name, Phone No. of your Investment Advisor/Broker

Name, Phone No. of your Insurance Advisor _Jack Reiner  973 376-6810_

Name, Phone No. of your Insurance Advisor

*These forms are intended for use in commercial lending transactions. Where any other use is contemplated, it is suggested that a careful review be made to ensure compliance with applicable laws and regulations.*

Cash Income & Expenditures Statement For Year Ended _2007_ (Omit cents)

| ANNUAL INCOME | AMOUNT ($) | ANNUAL EXPENDITURES | AMOUNT ($) |
|---|---|---|---|
| Salary (applicant) | $ 95,000 | Federal Income and Other Taxes | $ 0 |
| Salary (co-applicant) | | State Income and Other Taxes | 0 |
| Bonuses & Commissions (applicant) | | Rental Payments, Co-op, or Condo Maintenance | |
| Bonuses & Commissions (co-applicant) | | Mortgage Payments  Residential / Investment | 18,570 |
| Rental Income | | Property Taxes  Residential / Investment | 7,000 |
| Interest Income | 100 | Interest & Principal Payments on Loans | 9,600 |
| Dividend Income | 180 | Insurance | 8,000 |
| Capital Gains | | Investments (including tax shelters) | |
| Partnership Income | | Alimony/Child Support | |
| Other Investment Income | | Tuition  (childcare) | 19,000 |
| Other Income (List)** _Spouse_ | 70,000 | Other Living Expense | 50,000 |
| | | Medical Expenses | 3,000 |
| | | Other Expense (List) | 30,000 |
| **TOTAL INCOME ▶** | $ 165,280 | **TOTAL EXPENDITURES ▶** | $ 145,170 |

Any significant changes expected in the next 12 months?  ☐ Yes  ☐ No (If yes, attach information).

** Income from alimony, child support, or separate maintenance income need not be revealed if the applicant or co-applicant does not wish to have it considered as a basis for repaying this obligation.

## Schedule B - Insurance
**Life Insurance** (use additional sheet if necessary)

| Insurance Company | Face Amount of Policy | Type of Policy | Beneficiary | Cash Surrender Value | Amount Borrowed | Ownership |
|---|---|---|---|---|---|---|
| Banner | 250K | Term | SPOUSE | 0 | 0 | Justin Mihalik |
| Banner | 1.0m | Term | SPOUSE | 0 | 0 | Justin Mihalik |
| | | | | | | |

| Disability Insurance | Applicant | Co-Applicant |
|---|---|---|
| Monthly Distribution if Disabled | | |
| Number of Years Covered | | |

## Schedule C - Personal Residence & Real Estate Investments, Mortgage Debt (majority ownership only)

**Personal Residence**

| Property Address | Legal Owner | Purchase Year | Price | Market Value | Present Loan Balance | Interest Rate | Loan Maturity Date | Monthly Payment | Lender |
|---|---|---|---|---|---|---|---|---|---|
| 31 Park Lane ESSEX FELLS, NJ | SELF/SPOUSE | 2002 | 365K | 800K | 262,483 | 6.3 | 2032 | 2072 | WORLD SAVINGS |
| | | | | | | | | | |

**Investment**

| Property Address | Legal Owner | Purchase Year | Price | Market Value | Present Loan Balance | Interest Rate | Loan Maturity Date | Monthly Payment | Lender |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

## Schedule D - Partnerships (less than majority ownership for real estate partnerships)*

| Type of Investment | Date of Initial Investment | Cost | Percent Owned | Current Market Value | Balance Due on Partnerships: Notes, Cash Call | Final Contribution Date |
|---|---|---|---|---|---|---|
| **Business/Professional (indicate name):** | | | | | | |
| J+J Dev. Group LLC | 10-1-02 | 50,000 | 50% | 1,350,000 @50% | 44,500 | OPEN |
| JAM Dev. Group LLC | 5-2-03 | 120,000 | 100% | 410,000 | 0 | |
| **Investments (including Tax Shelters):** | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

\* **Note:** For investments which represent a material portion of your total assets, please include the relevant financial statements or tax returns, or in the case of partnership investments or S-corporations, schedule K-1s.

## Schedule E - Notes Payable

| Due to | Type of Facility | Amount of Line | Secured Yes | Secured No | Collateral | Interest Rate | Maturity | Unpaid Balance |
|---|---|---|---|---|---|---|---|---|
| Valley Nat'l Bank | | 100,000 | ☐ | ☒ | | 9.25% | 8/18/07 | 98,241 |
| SOVEREIGN BANK | 50% Ownership | 1,039,708 | ☒ | ☐ | J+J Properties | 9.25% | 9/30/07 | 492,767 |
| | | 417,000 | ☒ | ☐ | 31 PARK LANE | 8.2% | 2020 | 353,000 |
| PASCACK COMM. BANK | | 330,000 | ☒ | ☐ | JAM DEV. Prpty | 8.75% | 10/1/07 | 290,050 |

**Balance Sheet as of** _6-30-06_

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| Cash in this Bank (including money market accounts, CDs) | $ 5,300 | Notes Payable to this Bank | X  X  X |
|  |  | Secured | $ |
| Cash in Other Financial Institutions (List) (including money market accounts, CDs) |  | Unsecured | (oc 98241) |
|  |  | Notes Payable to Others (Schedule E) | X  X  X |
| SOVEREIGN BANK | 12,052 | Secured | (Business) 889,433 |
| FIDELITY INV. | 4,400 | Unsecured |  |
|  |  | Accounts Payable (including credit cards) J.A.Mihalik + JAM ARCH (Debts) | 61,940 |
|  |  | Margin Accounts |  |
| Readily Marketable Securities (Schedule A) | 15,544 | Notes Due: Partnership (Schedule D) (Business) | 22,250 |
| Non-Readily Marketable Securites (Schedule A) |  | Taxes Payable |  |
| Accounts and Notes Receivable | 12,729 | Mortgage Debt (Schedule C) (Pers. Resid) | 262,500 |
| Net Cash Surrender Value of Life Insurance (Schedule B) |  | Life Insurance Loans (Schedule B) |  |
| Residential Real Estate (Schedule C) | 800,000 | Other Liabilities (List): |  |
| Real Estate Investments (Schedule C) | — |  |  |
| Partnerships / PC Interests (Schedule D) | 1,085,000 |  |  |
| IRA, Keogh, Profit-Sharing & Other Vested Retirement Accts. | 14,487 |  |  |
| Deferred Income (number of years deferred _____ ) |  |  |  |
| Personal Property (including automobiles) | 50,000 |  |  |
| Other Assets (List): Business Mkt. Value | 700,000 |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  | TOTAL LIABILITIES |  |
|  |  | NET WORTH |  |
|  | $2,689,512 |  | $1,334,364 |

## CONTINGENT LIABILITIES

| | YES | NO | AMOUNT |
|---|---|---|---|
| Are you a guarantor, co-maker, or endorser for any debt of an individual, corporation, or partnership? | ☒ | ☐ | $ _____ |
| Do you have any outstanding letters of credit or surety bonds?  See Schedule A | ☐ | ☒ | _____ |
| Are there any suits or legal actions pending against you? | ☐ | ☒ | _____ |
| Are you contingently liable on any lease or contract? OFFICE EQUIP., RENT + AUTO | ☒ | ☐ | _____ |
| Are any of your tax obligations past due? | ☐ | ☒ | _____ |

What would be your total estimated tax liability if you were to sell your major assets? _____

If yes for any of the above, give details:

① Debts are listed in Schedule E
② Leases for office Equip., rent and Auto

## Schedule A - All Securities (including non-money market mutual funds)

| No. of Shares (Stock) or Face Value (Bonds) | DESCRIPTION | OWNER(S) | WHERE HELD | COST | CURRENT MARKET VALUE | PLEDGED YES | PLEDGED NO |
|---|---|---|---|---|---|---|---|
| READILY MARKETABLE SECURITIES (Including U.S. Governments and Municipals) * | | | | | | | |
|  | MANAGERS FUND |  |  |  | 9,690 | ☐ | ☒ |
|  | FIDELITY INV |  |  |  | 5,854 | ☐ | ☐ |
|  |  |  |  |  |  | ☐ | ☐ |
|  |  |  |  |  |  | ☐ | ☐ |
| NON-READILY MARKETABLE SECURITIES (closely held, thinly traded, or restricted stock) | | | | | | | |
|  |  |  |  |  |  | ☐ | ☐ |
|  |  |  |  |  |  | ☐ | ☐ |

\* If not enough space, attach a separate schedule or brokerage statement and enter totals only.

**Please Answer The Following Questions:**

1. Income tax returns filed through (date): _12-31-06_   Are any returns currently being audited or contested?  ☐ Yes  ☑ No

   If yes, what year(s)? _____

2. Have (either of) you or any firm in which you were a major owner ever declared bankruptcy?  ☐ Yes  ☑ No

   If yes, please provide details: _____

3. Have you drawn a will?  ☑ Yes  ☐ No

   If yes, please furnish the name of the executor(s) and year will was drawn: _Andrea Mihalik, 2004_

4. Number of dependents (excluding self) and relationship to applicant: _3 / wife, son, daughter_

5. Have you ever had a financial plan prepared for you?  ☑ Yes  ☐ No

6. Did you include two years federal and state tax returns?  ☑ Yes  ☐ No

7. Do (either of) you have a line of credit or unused credit facility at any other institution(s)?  ☑ Yes  ☐ No

   If so, please indicate where, how much, and name of banker: _Sovereign Bank   $353,000_
   _Maria Leone_

8. Do you anticipate any substantial inheritances?  ☐ Yes  ☑ No

   If yes, please explain: _____

**Representations and Warranties**

   The information contained in this statement is provided to induce you to extend or to continue the extension of credit to the undersigned or to others upon the guarantee of the undersigned. The undersigned acknowledge and understand that you are relying on the information provided herein in deciding to grant or continue credit or to accept a guarantee thereof. Each of the undersigned represents, warrants and certifies that the information provided herein is true, correct and complete. Each of the undersigned agrees to notify you immediately and in writing of any change in name, address, or employment and of any material adverse change (1) in any of the information contained in this statement or (2) in the financial condition of any of the undersigned or (3) in the ability of any of the undersigned to perform its (or their) obligations to you. In the absence of such notice or a new and full written statement, this should be considered as a continuing statement and substantially correct. If the undersigned fail to notify you as required above, or if any of the information herein should prove to be inaccurate or incomplete in any material respect, you may declare the indebtedness of the undersigned or the indebtedness guaranteed by the undersigned, as the case may be, immediately due and payable. You are authorized to make all inquiries you deem necessary to verify the accuracy of the information contained herein and to determine the credit-worthiness of the undersigned. The undersigned authorize any person or consumer reporting agency to give you any information it may have on the undersigned. Each of the undersigned authorizes you to answer questions about your credit experience with the undersigned. As long as any obligation or guarantee of the undersigned to you is outstanding, the undersigned shall supply annually an updated financial statement. This personal financial statement and any other financial or other information that the undersigned give you shall be your property.

_8/1/07_

**Date**

**Your Signature**

**Date**

**Co-Applicant's Signature (if you are requesting the financial accommodation jointly)**

# Valley National Bank

**PERSONAL FINANCIAL STATEMENT**

AS OF: 12/18/07   DATE

## Personal Information for Applicant

☒ Mr. ☐ Mrs. ☐ Ms. **JUSTIN A MIHALIK**

Home Address **31 PARK LANE**

City **ESSEX FELLS**   State **NJ**   Zip Code **07021**

SS # **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**   Date of Birth **9/13/70**

Years at Address **6**   Is your home ☒ owned? ☐ rented?

Phone # **973-226-1224**   Cell Phone # **973-715-8652**

Email Address **jmihalik@jam-arch.com**

Business Name or Employer **JARMEL KIZEL ARCH. & ENG. INC**

Address **42 OKNER PKWY**

City **LIVINGSTON**   State **NJ**   Zip Code **07039**

Title or Position **PRINCIPAL**   Percentage of Ownership **89%**

Phone # **973-994-9669**   Fax # **973-994-4069**

Website Address **www.jkarch.com**

## Personal Information for Co-Applicant

☐ Mr. ☐ Mrs. ☐ Ms. _____

Home Address _____

City _____ State _____ Zip Code _____

SS # _____   Date of Birth _____

Years at Address _____  Is your home ☐ owned? ☐ rented?

Phone # _____   Cell Phone # _____

Email Address _____

Business Name or Employer _____

Address _____

City _____ State _____ Zip Code _____

Title or Position _____   Percentage of Ownership _____

Phone # _____   Fax # _____

Website Address _____

## Annual Sources of Income

| | |
|---|---|
| Salary (Applicant) | 140,000 |
| Salary (Co-Applicant) | |
| Bonuses & Commissions | |
| Interest | 4,585 |
| Dividends | 182 |
| Real Estate Income | |
| Capital Gains | |
| Other Investment Income | |
| Partnership Income | |
| Alimony, Child Support* | |
| Other Income (List) | |
| **Total Income** | **144,767** |

## Annual Expenditures

| | |
|---|---|
| Income Taxes | |
| Mortgage Payments | 21,781 |
| Rental Payments | |
| Real Estate Taxes | 6,600 |
| Loan Payments | 30,000 |
| Insurance Payments | 5,000 |
| Tuition (CHILDCARE) | 21,000 |
| Medical Expenses | 875 |
| Alimony, Child Support | |
| Other Expenses (List) | |
| UTILITIES | 4,000 |
| TELEPHONE | 975 |
| CABLE TV | 1,900 |
| HOUSEHOLD | 10,000 |
| MISC | 20,000 |
| **Total Expenses** | **122,131** |

## Assets

| | |
|---|---|
| Cash in this Bank | 7,000 |
| Cash in Other Banks | 10,000 |
| Marketable Securities | |
| Other Securities | |
| Accounts Receivable | 98,620 |
| Notes Receivable | |
| Residential Real Estate | 800,000 |
| Investment Real Estate | |
| Retirement Accounts | 24,000 |
| Personal Property | 5,000 |
| Cash Value Life Insurance | -0- |
| Other Assets (List) | |
| STOCKS | 1,600 |
| **Total Assets** | **946,220** |

## Liabilities

| | |
|---|---|
| Income Taxes Payable | -0- |
| Notes Payable this Bank | 98,241 |
| Other Notes Payable | |
| Residential Mortgages | 259,267 |
| Home Equity Mortgages | 397,697 |
| Investment Mortgages | |
| Credit Cards | 50,000 |
| Other Taxes Payable | |
| Margin Accounts | |
| Life Insurance Loans | -0- |
| Other Liabilities (List) | |
| **Total Liabilities** | **805,205** |

*Income from Alimony, child support or separate maintenance need not be revealed if you do not wish to have it considered as a basis for repaying this loan.

## Schedule of Readily Marketable U.S. Government Securities, Stocks and Bonds Owned (Attach Schedule, as needed)

| No. of Shares | Description | Owners | Where Held | Current Value | Pledged? |
|---|---|---|---|---|---|
| 27 | HOME DEPOT | | FIDELITY | 733.00 | |
| 21 | LSI CORP | | FIDELITY | 110.00 | |
| 250 | SIRIUS | | FIDELITY | 757.00 | |
| | | | | | |
| | | | | | |
| | | | | | |

## Other Non-Readily Marketable Securities Owned

| No. of Shares | Description | Owners | Where Held | Current Value | Pledged? |
|---|---|---|---|---|---|
| | | | | | |

## Schedule of Real Estate Owned

| Description and Address | Owners | Year Purchased | Amount Paid | Market Value | Mortgage Balance | Lender | Maturity Date |
|---|---|---|---|---|---|---|---|
| 31 PARK LANE ESSEX FELLS, NJ | JUSTIN & ANOTHER MIHALIC | 2002 | 365,000 | 800,000 | 259,267 | WACHOVIA | 2032 |

## Schedule of Life Insurance

| Insurance Company | Face Amount | Owner | Beneficiary | Cash Value | Amount Borrowed |
|---|---|---|---|---|---|
| BANNER | 250,000 | JUSTIN MIHALIK | ANDREA MIHALIK | – 0 – | – 0 – |
| BANNER | 1,000,000 | " | " | " | " |
| BANNER | 500,000 | JUSTIN MIHALIK | ARTHUR DEMAREST | " | " |

## Schedule of Notes or Lines of Credit Payable

| Lender | Type of Note | Amount | Secured | Unsecured | Collateral | Balance Due |
|---|---|---|---|---|---|---|
| SOVEREIGN | ELOC | 417,000 | X | | 31 PARK LANE | 317,697 |
| | | | | | | |
| | | | | | | |

## Schedule of Business Ownership and Partnership or LLC Investments

| Name of Business or Investment | Type of Business or Investment | Year Acquired | Original Cost | Percent Owned | Current Value | Balance Due on Investment |
|---|---|---|---|---|---|---|
| J & J DEVELOPMENT GROUP LLC | DEVELOPMENT | 2003 | | 50 | 1.2 M | 241,000 |
| J.A. MIHALIK ARCHITECT LLC | ARCHITECTURE | 1998 | | 100 | | 64,500 |
| JAM DEVELOPMENT GROUP LLC | DEVELOPMENT | 2002 | | 100 | – 0 – | 19,500 |

## Please Answer the Following Questions:

1. Number of Dependents (excluding yourself): **3**    2. Are you a Citizen of the United States of America?  Yes [X]  No [ ]

3. Federal 1040 Tax Returns are filed through (date): **2006**    Are any returns currently being audited or contested?  Yes [ ]  No [X]

Name and telephone number of your accountant: **JOHN BOYKAS, 201-512-5700**

4. Have (either of) you or any firm in which you were a major owner ever declared bankruptcy?  Yes [ ]  No [X]

5. Do (either of) you have a Line of Credit or unused credit facility at any other institution?  Yes [X]  No [ ]
   If yes, please indicate where and for how much:  SOVEREIGN BANK, $417,000 ELOC (PERSONAL)
   SOVEREIGN BANK, $1.2M, J&J DEV. GROUP, LLC

## Contingent Liabilities

| | Yes | No | Amount |
|---|---|---|---|
| 1. Are (either of) you a guarantor, co-maker, or endorser for any debt of an individual or business entity? | [X] | [ ] | $493,000 |
| 2. Are you contingently liable on any lease or contract? | [ ] | [X] | |
| 3. Are there any legal actions pending against (either of ) you? | [ ] | [X] | |
| 4. Are any of your tax liabilities past due? | [ ] | [X] | |

If Yes to any of the above, please provide details:
J&J DEVELOPMENT GROUP – $493,000 (LINE OF CREDIT)

## Representations and Warranties

The information contained in this statement is provided to induce Valley National Bank ("you") to extend or to continue the extension of credit to the undersigned or to others upon the guarantee of the undersigned. The undersigned acknowledge and understand that you are relying on the information provided herein in deciding to grant or continue credit or to accept the guarantee thereof. Each of the undersigned represents, warrants and certifies that the information provided herein is true, correct and complete. Each of the undersigned agrees to notify you immediately and in writing of any change in name, address, or employment and of any material adverse change (1) in any of the information contained in this statement or (2) in the financial condition of any of the undersigned or (3) in the ability of any of the undersigned to perform its (or their) obligations to you. In the absence of such notice or a new and full written statement, this should be considered as a continuing statement and substantially correct. If the undersigned fail to notify you as required above, or if any of the information herein should prove to be inaccurate or incomplete in any material respect, you may declare the indebtedness of the undersigned or the indebtedness guaranteed by the undersigned, as the case may be, immediately due and payable. You are authorized to make all inquiries you deem necessary to verify the accuracy of the information contained herein and to determine the credit-worthiness of the undersigned. You may request a consumer report in connection with this application and subsequent consumer reports in connection with updating, renewing, or extending the existing or future extensions of credit. Upon the undersigneds written request, you will provide the name and address of the consumer reporting agency furnishing reports to you, if any. As long as any obligation or guarantee of the undersigned to you is outstanding, the undersigned shall supply annually an updated financial statement. This personal financial statement and any other financial or other information that the undersigned give you shall be your property.

| | |
|---|---|
| Signature of Applicant    2/20/08 Date | Signature of Co-Applicant    Date |

2007 © Valley National Bank.  Member FDIC.

EQUAL HOUSING LENDER

**IMPORTANT INFORMATION FOR THE ABOVE SIGNER(S) ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT -** To help government fight the funding of terrorism and money laundering activities, applicable law requires Valley National Bank ("Valley") to obtain, verify, and record information that identifies each person who opens an account. What this means for the above signer(s): When you open an account, Valley will ask for your name, address, date of birth, and other information that will allow Valley to identify you. Valley may also ask to see your driver's license or other identifying documents.

## Schedule of Life Insurance

| Insurance Company | Face Amount | Owner | Beneficiary | Cash Value | Amount Borrowed |
|---|---|---|---|---|---|
| BANNER | 250,000 | JUSTIN MIHALIK | ANDREA MIHALIK | -0- | -0- |
| BANNER | 1,000,000 | " | " | " | " |
| BANNER | 500,000 | JUSTIN MIHALIK | ARTHUR DEMAREST | " | " |

## Schedule of Notes or Lines of Credit Payable

| Lender | Type of Note | Amount | Secured | Unsecured | Collateral | Balance Due |
|---|---|---|---|---|---|---|
| SOVEREIGN | ELOC | 417,000 | X | | 31 PARK LANE | 377,697 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## Schedule of Business Ownership and Partnership or LLC Investments

| Name of Business or Investment | Type of Business or Investment | Year Acquired | Original Cost | Percent Owned | Current Value | Balance Due on Investment |
|---|---|---|---|---|---|---|
| J&J DEVELOPMENT GROUP LLC | DEVELOPMENT | 2003 | | 50 | 1.2 M | 241,000 |
| J.A. MIHALIK ARCHITECT LLC | ARCHITECTURE | 1998 | | 100 | | 64,500 |
| JAM DEVELOPMENT GROUP LLC | DEVELOPMENT | 2002 | | 100 | -0- | 19,500 |

## Please Answer the Following Questions:

1. Number of Dependents (excluding yourself): **3**     2. Are you a Citizen of the United States of America?  Yes [X] No [ ]

3. Federal 1040 Tax Returns are filed through (date): **2006**   Are any returns currently being audited or contested? Yes [ ] No [X]

Name and telephone number of your accountant: **JOHN BOYKAS , 201-512-5700**

4. Have (either of) you or any firm in which you were a major owner ever declared bankruptcy?  Yes [ ] No [X]

5. Do (either of) you have a Line of Credit or unused credit facility at any other institution?  Yes [X] No [ ]
   If yes, please indicate where and for how much: **SOVEREIGN BANK, $417,000 ELOC (PERSONAL)**
   **SOVEREIGN BANK, $1.2M, J&J DEV. GROUP, LLC**

### Contingent Liabilities

|  | Yes | No | Amount |
|---|---|---|---|
| 1. Are (either of) you a guarantor, co-maker, or endorser for any debt of an individual or business entity? | [X] | [ ] | $493,000 |
| 2. Are you contingently liable on any lease or contract? | [ ] | [X] | |
| 3. Are there any legal actions pending against (either of ) you? | [ ] | [X] | |
| 4. Are any of your tax liabilities past due? | [ ] | [X] | |

If Yes to any of the above, please provide details:
**J&J DEVELOPMENT GROUP - $493,000 (LINE OF CREDIT)**

## Representations and Warranties

The information contained in this statement is provided to induce Valley National Bank ("you") to extend or to continue the extension of credit to the undersigned or to others upon the guarantee of the undersigned. The undersigned acknowledge and understand that you are relying on the information provided herein in deciding to grant or continue credit or to accept the guarantee thereof. Each of the undersigned represents, warrants and certifies that the information provided herein is true, correct and complete. Each of the undersigned agrees to notify you immediately and in writing of any change in name, address, or employment and of any material adverse change (1) in any of the information contained in this statement or (2) in the financial condition of any of the undersigned or (3) in the ability of any of the undersigned to perform its (or their) obligations to you. In the absence of such notice or a new and full written statement, this should be considered as a continuing statement and substantially correct. If the undersigned fail to notify you as required above, or if any of the information herein should prove to be inaccurate or incomplete in any material respect, you may declare the indebtedness of the undersigned or the indebtedness guaranteed by the undersigned, as the case may be, immediately due and payable. You are authorized to make all inquiries you deem necessary to verify the accuracy of the information contained herein and to determine the credit-worthiness of the undersigned. You may request a consumer report in connection with this application and subsequent consumer reports in connection with updating, renewing, or extending the existing or future extensions of credit. Upon the undersigned's written request, you will provide the name and address of the consumer reporting agency furnishing reports to you, if any. As long as any obligation or guarantee of the undersigned to you is outstanding, the undersigned shall supply annually an updated financial statement. This personal financial statement and any other financial or other information that the undersigned give you shall be your property.

Signature of Applicant _____   Date **2/20/08**

Signature of Co-Applicant _____   Date

2007 © Valley National Bank. Member FDIC.

**IMPORTANT INFORMATION FOR THE ABOVE SIGNER(S) ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT** - To help government fight the funding of terrorism and money laundering activities, applicable law requires Valley National Bank ("Valley") to obtain, verify, and record information that identifies each person who opens an account. What this means for the above signer(s): When you open an account, Valley will ask for your name, address, date of birth, and other information that will allow Valley to identify you. Valley may also ask to see your driver's license or other identifying documents.

# EXHIBIT A

COMMERCIAL NOTE (LINE OF CREDIT)

NORCROWN BANK

| Loan : 38004551 |
|---|
| Amount: $100,000.00 |
| Dated: October 14, 2003 |

FOR VALUE RECEIVED, the undersigned (individually and collectively (if more than one), jointly and severally, **J.A. Mihalik, Architect** an address at **2 East Northfield Road, Livingston NJ 07039,** unconditionally promises to pay to the order of NorCrown Bank (the "Bank"), at its office located at 66 West Mt. Pleasant Avenue, Livingston, New Jersey 07039, or at such other place as the Bank may direct, **One Hundred Thousand Dollars** together with interest at the rate and on the terms provided in this Commercial Note (including all renewals, extensions and/or modifications, this "Note"). The Commitment Letter from the Bank to Borrower, this Note and all documents executed in connection with this Note are referred to herein collectively as the "Loan Documents."

1.    INTEREST RATE.  The Borrower will pay the Bank interest on the unpaid principal balance at the annual rate set forth below (calculated on the actual number of days elapsed over a 360-day year) from the date of this Note until the entire principal balance has been paid. At no time, however, will the interest rate exceed the maximum allowable by law.

☐  _____    Fixed Rate. The rate of _____ percent per annum.

OR

☐  X    Adjustable Rate.  During the term of the loan interest shall be calculated at a floating rate equal to  __1.00 %__  per annum above the Prime Rate as defined herein with the interest rate to change on the date of change of the Prime Rate (the "Change Date"), **with a floor of 6.00%.  The minimum percentage rate will not be less than 6.00%.** The Prime Rate shall mean the highest Prime Rate as set forth in the Wall Street Journal from time to time but does not reflect the rate of interest charged to any particular class of Borrower nor does it necessarily reflect the lowest reference rate of interest charged by the Bank to any Borrower.

2.    TERM.  This Note matures and all unpaid principal, accrued interest and all other amounts recoverable under the Loan Documents are payable on  June 30, 2004  (the "Maturity Date").

3.    PAYMENTS.  The Borrower will pay principal and interest by making payments as follows (which payments, will be applied  first to any fees, costs, expenses or charges under the Loan Documents, then to the payment of accrued interest, and the balance only applied to principal):  monthly payments of interest only at the rate set forth above on the outstanding principal balance owing from time to time commencing  November 30, 2003  and on the same date of each successive month initial the Maturity Date when the entire outstanding principal balance plus accrued interest shall be due and payable.

4.    LINE OF CREDIT FACILITY.  The loan evidenced by this Note is a revolving line of credit. Prior to the Maturity Date the Borrower may borrow up to the amount of the Note; prepay said obligation and reborrow.

5.    30 DAY CLEANUP.  During the term of the loans evidenced by this Note the Borrower shall reduce the outstanding principal balance to zero for a thirty day period.

6.    PREPAYMENTS:  The Borrower may prepay this Note, in whole or in part, at any time, without penalty.

7    LATE FEE.  If the Bank does not receive the entire amount of any payment required under this Note within 15 days of its due date, the Borrower will pay a late fee of 5% of that entire amount.  Any such late charge assessed is immediately due and payable.

8.    COLLATERAL AND GUARANTEES.  Borrower's payment and performance obligations hereunder shall be **UNSECURED** and guaranteed by certain guarantees (any party executing a guarantee being referred to herein as a "Guarantor").  Any security interests or mortgage liens in any other collateral given to the Bank by any Borrower or Guarantor in connection with any other obligation to the Bank will also secure repayment of this Note.

9.    REPRESENTATIONS AND WARRANTIES.  Borrower continually represents and warrants to the Bank that (a) if Borrower or any Guarantor is an entity, it is duly organized and existing and in good standing in the state of its organization, has the power to own its properties and to carry on its business, and the execution, delivery and performance of the Loan Documents have been duly authorized by all necessary action; (b) the execution, delivery, and performance of the Loan Documents by Borrower and any other parties thereto do not require the consent or approval of any other party and do not conflict with, result in a violation of, or constitute a default under any agreement or other instrument binding upon such parties or any law, regulation, court decree, or order applicable to such parties; and (c) the Loan Documents constitute legal, valid and binding obligations of the parties thereto enforceable in accordance with their respective terms.

10.    AFFIRMATIVE COVENANTS.  Borrower covenants and agrees with the Bank that, at all times any amounts owing to the Bank exist, Borrower shall (a) furnish or cause others to furnish such information (including, without limitation, tax returns and financial information) with respect to Borrower's or any Guarantor's financial condition and business operations as the Bank may request from time to time and cooperate and join with the Bank in taking all such further actions as the Bank deems necessary to effectuate the provisions of the Loan Documents; (b) permit employees or agents of the Bank full and complete access to any or all of Borrower's properties and financial records, to make extracts from and/or audit such records and to examine and discuss Borrower's properties, business, finances and affairs with Borrower's officers and outside accountants, all at Borrower's expense; and (c) observe any financial covenants set forth in the Commitment Letter.

11.    DEFAULT.  Each of the following shall constitute an event of default ("Event of Default") under this Note:

(a)    failure of Borrower to make any payment to the Bank (whether upon the Maturity Date or otherwise) when due hereunder;

(b)    failure of Borrower or any Guarantor to comply with or to perform any term or condition contained in the Loan Documents or the occurrence of any default or "Event of Default" under any other Loan Document;

(c)    any representation, warranty, certification, or other information furnished by or on behalf of the Borrower or any Guarantor was false or misleading in any material respect when made;

(d)    the institution of proceedings by or against the Borrower or any Guarantor under any bankruptcy or insolvency law, or any law for the benefit of creditors or relief of debtors, (provided, however, that the institution of involuntary proceedings against the Borrower or any Guarantor will not be an Event of Default if such proceeding is discharged or dismissed within sixty (60) days after the commencement date thereof), or a custodianship, trusteeship, receivership or assignment for the benefit of creditors is imposed upon or sought by the Borrower, any Guarantor or any part of the Property;

(e)    the existence of any liens for taxes due with respect to the Property unless the liens are being contested in good faith and adequate reserves have been deposited with the Bank, or construction lien claims which have not been dismissed for 30 days or for which escrows, satisfactory in amount to the Bank, have not been established by the Borrower;

(f)    the default of the Borrower or any Guarantor under any other obligation owed to the Bank, or any third party, now existing or arising after the date of this Note;

(g)    any change in the ownership or control of the Borrower or any Guarantor;

(h)    the filing, entry or issuance of any judgment, execution, garnishment, attachment, distraint, or lien against Borrower, any Guarantor or any of their property, or the entry of any order enjoining or restraining Borrower and/or restraining or seizing any property of Borrower or any Guarantor;

# **<u>EXHIBIT B</u>**

(i)   the death or dissolution of any Borrower r̃———r̃ṽꞩ   ; or

(j)   any event which, in the Bank's judgment, materially adversely affects (i) the ability of the Borrower or any Guarantor to perform any of its obligations under the Loan Documents or any Guaranty as applicable; (ii) the business or financial condition of the Borrower or any Guarantor; or (iii) the operations or value of the Property or other collateral or the Bank's lien or security interest on the Property or other collateral.

12.   **REMEDIES.**  Upon the occurrence of an Event of Default, at Bank's option (with the exception of (d) above, which shall be automatic upon said occurrence), all amounts owing to Bank will become due and payable immediately, without notice of any kind to Borrower or any Guarantor, and interest will continue to accrue on the full amount thereof at a rate equal to 5% per annum in excess of the rate of interest otherwise charged hereunder.  In addition, the Bank shall have all the rights and remedies provided in the other Loan Documents or available at law, in equity, or otherwise.  All of the Bank's rights and remedies shall be cumulative and may be exercised singularly or concurrently.  Election by the Bank to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or take action to perform any obligation of Borrower or of any Guarantor shall not affect the Bank's right to declare an Event of Default and to exercise its rights and remedies.  Upon occurrence of an Event of Default the Bank shall be under no obligation to make any additional advances hereunder.

13.   **RIGHT OF SETOFF.**  Borrower grants to the Bank a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to the Bank all of Borrower's right, title and interest in and to, Borrower's present and future bank accounts.  Borrower authorizes the Bank to charge or set off all sums owing to the Bank against any and all such accounts and, at the Bank's option, to administratively freeze all such accounts to allow the Bank to protect the Bank's charge and setoff rights provided in this paragraph.

14.   **EXPENSES.**  Borrower agrees to pay upon demand the Bank's expenses in an amount equal to the Bank's actual expenses.  The Bank's expenses include, without limitation, the fees and expenses of in-house and outside counsel incurred in connection with the preparation, execution, enforcement and modification of the Loan Documents, including attorneys' fees for bankruptcy proceedings, appeals, and any post-judgment collection services.

15.   **GENERAL PROVISIONS.**  Borrower waives presentment, demand for payment, protest, notice of dishonor, and notice of default or of an Event of Default.  Upon any change in the terms of this Note or any of the other Loan Documents, and unless otherwise expressly stated in writing, Borrower and any Guarantor shall not be released from liability.  Borrower agrees that the Bank may renew or extend this Note, or release any party, Guarantor or collateral, or impair, fail to realize upon or perfect the Bank's security interest in any collateral, and take any other action deemed necessary by the Bank without the consent of or notice to anyone.

16.   **GOVERNING LAW.**  This Note shall be construed according to the laws of the State of New Jersey.

17.   **SEVERABILITY.**  If any provision of the Loan Documents is found to be invalid or unenforceable, such provision shall be stricken and all remaining provisions of the Loan Documents shall remain valid and enforceable.

18.   **WAIVER; AMENDMENTS.**  No amendment of the Loan Documents, and no waiver of any one or more of the provisions hereof and thereof, shall be effective unless set forth in a writing prepared by Borrower or Guarantor, whichever is applicable, and signed by the Bank; provided, however, that any such waiver shall be restricted to the matters specified in such writing.

19.   **ENTIRE AGREEMENT.**  The Loan Documents constitute the sole agreement of the parties regarding the subject matter hereof and thereof and supersede all oral negotiations and prior writings regarding the subject matter hereof and thereof.

20.   **WAIVER OF JURY TRIAL; CONSENT TO JURISDICTION; SERVICE OF PROCESS.**  BORROWER KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY MATTER RELATING TO, ARISING FROM OR IN CONNECTION WITH THE LOAN DOCUMENTS.  BORROWER ALSO CONSENTS TO THE JURISDICTION OF THE COURTS OF THE STATE WHOSE LAWS GOVERN THE LOAN DOCUMENTS AND AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON BORROWER BY MAILING A COPY OF SUCH PROCESS TO BORROWER.

21.   **FURTHER ASSURANCES.**  Borrower agrees to cooperate and take all necessary steps as reasonably requested by the Bank to carry out the spirit and intent of the Loan Documents, including, without limitation, executing or reexecuting any of the Loan Documents.

22.   **SUCCESSORS AND ASSIGNS.**  The Loan Documents shall be binding upon Borrower and Borrower's successors and assigns and shall inure to the benefit of the Bank, its successors and assigns.  Borrower may not assign or transfer Borrower's rights under the Loan Documents without the prior written consent of the Bank.

23.   The advent of the 2000 shall not adversely affect the Borrower's operations or the performance of its information technology.  Without limiting the generality of the foregoing, (i) the hardware and software utilize by Borrower are designed to be used prior to, during, and after calendar year 2000 A.D. and such hardware and software will operate during each such time period without error relating to data, specifically including any error relating to, the conduct of, date data which represents or references different centuries or more than one century, (ii) the hardware and software utilized by Borrower will not abnormally end or provide invalid or incorrect results as a result of date data, and (iii) the hardware and software utilized by Borrower have been designed to ensure year 2000 A.D. compatibility, including date data, century recognition, leap year, calculations which accommodate same century and multicentury formulas and date values, and date data interface values that reflect the century.

24.   **RENEWALS.**  Any renewals of the Line of Credit and this Note shall be at the discretion of the Bank and the Bank shall be under no obligation to renew said line of credit facility.

IN WITNESS WHEREOF, BORROWER, INTENDING TO BE LEGALLY BOUND, HAS EXECUTED THIS NOTE AS OF THE DATE ABOVE WRITTEN.

BORROWER:   J.A. Mihalik, Architect                                                                                            WITNESSED BY:

By: _____
       Justin A. Mihalik

By: _____                                                                                                    _____

# **<u>EXHIBIT C</u>**

**Please Answer The Following Questions:**

1. Income tax returns filed through (date): _Dec. 31, 2004_    Are any returns currently being audited or contested?  ☐ Yes  ☒ No

   If yes, what year(s)?_____

2. Have (either of) you or any firm in which you were a major owner ever declared bankruptcy?    ☐ Yes  ☒ No

   If yes, please provide details: _____

3. Have you drawn a will?  ☒ Yes  ☐ No

   If yes, please furnish the name of the executor(s) and year will was drawn: _Andrea Mihalik, 2004_

4. Number of dependents (excluding self) and relationship to applicant: _WIFE, DAUGHTER, SON_

5. Have you ever had a financial plan prepared for you?  ☒ Yes  ☐ No

6. Did you include two years federal and state tax returns?  ☒ Yes  ☐ No

7. Do (either of) you have a line of credit or unused credit facility at any other institution(s)?    ☐ Yes  ☒ No

   If so, please indicate where, how much, and name of banker: _____

   _____

   _____

8. Do you anticipate any substantial inheritances?  ☐ Yes  ☒ No

   If yes, please explain: _____

   _____

---

### Representations and Warranties

The information contained in this statement is provided to induce you to extend or to continue the extension of credit to the undersigned or to others upon the guarantee of the undersigned. The undersigned acknowledge and understand that you are relying on the information provided herein in deciding to grant or continue credit or to accept a guarantee thereof. Each of the undersigned represents, warrants and certifies that the information provided herein is true, correct and complete. Each of the undersigned agrees to notify you immediately and in writing of any change in name, address, or employment and of any material adverse change (1) in any of the information contained in this statement or (2) in the financial condition of any of the undersigned or (3) in the ability of any of the undersigned to perform its (or their) obligations to you. In the absence of such notice or a new and full written statement, this should be considered as a continuing statement and substantially correct. If the undersigned fail to notify you as required above, or if any of the information herein should prove to be inaccurate or incomplete in any material respect, you may declare the indebtedness of the undersigned or the indebtedness guaranteed by the undersigned, as the case may be, immediately due and payable. You are authorized to make all inquiries you deem necessary to verify the accuracy of the information contained herein and to determine the credit-worthiness of the undersigned. The undersigned authorize any person or consumer reporting agency to give you any information it may have on the undersigned. Each of the undersigned authorizes you to answer questions about your credit experience with the undersigned. As long as any obligation or guarantee of the undersigned to you is outstanding, the undersigned shall supply annually an updated financial statement. This personal financial statement and any other financial or other information that the undersigned give you shall be your property.

_6-27-05_

**Date**

**Your Signature**

**Date**

**Co-Applicant's Signature (if you are requesting the financial accommodation jointly)**

# **<u>EXHIBIT D</u>**

JERRY A. CASSER, P.C.

# Deed

This Deed is made on April 29, 2004
BETWEEN
JUSTIN A. MIHALIK and ANDREA MIHALIK, his wife

whose post office address is
31 Park Lane, Essex Fells, New Jersey

referred to as the Grantor,
AND
ANDREA MIHALIK, married

whose post office address is
31 Park Lane, Essex Fells, New Jersey

referred to as the Grantee.
The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

1.  **Transfer of Ownership.**  The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee.  This transfer is made for the sum of
ONE ($1.00) DOLLAR
The Grantor acknowledges receipt of this money.

2.  **Tax Map Reference.**   (N.J.S.A. 46:15-1.1) Municipality of Essex Fells
Block No. 30/000A          Lot No. 14          Qualifier No.          Account No.
☒ No property tax identification number is available on the date of this Deed. (Check Box if Applicable.)

3.  **Property.**   The Property consists of the land and all the buildings and structures on the land in
the Township          of Essex Fells
County of Essex          and State of New Jersey.  The legal description is:

☒ Please see attached Legal Description annexed hereto and made a part hereof. (Check Box if Applicable.)
Being the same premises conveyed to the Grantors herein by Deed from The Estate of Edith G. Zachary dated
July 31, 2002 and recorded in the Essex County Register's Office on August 13, 2002 in Deed Book 5908, Page
581.

This Deed has been given for the purpose of releasing and relinquishing all of the right, title and interest of
Justin A. Mihalik in the said property and is made pursuant to Revised Statutes of the State of New Jersey,
37:2-18.1, and the said Justin A. Mihalik releases and relinquishes to his wife, Andrea Mihalik, all of his right,
title and interest in the property and his right of curtesy in the said property with the full right of Andrea Mihalik
to convey, encumber, devise or otherwise dispose of the said property by conveyance or consent free and
clear of any such right or estate of curtesy of Justin A. Mihalik.

Inst# 1054045          Carole A. Graves
Recorded/Filed  RB    1      Essex County Register
07/09/2004  10:02:3  Bk 6083 Pg 497 #Pgs  4

| | | |
|---|---|---|
| Consideration: | 0.00 | |
| County: | 0.00 | |
| State: | 0.00 | |
| N.P.R.F.: | 0.00 | |
| Realty Tax: | 0.00 | |
| Fees: | 70.00 | |

Prepared by: (print signer's name below signature)

JERRY A. CASSER, ESQ.

(For Recorder's Use Only)

IOSU - Deed - Bargain and Sale    Inst# 1054045 BK# 6083 PG# 497 ALL-STATE Legal
Cov. to Grantor's Act - Ind. to Ind. or Corp.
Plain Language Rev. 10/96 Print date 11/98          A Division of ALL-STATE International, Inc.
(908) 272-0800                    Page 1

Received Time Mar. 3. 2010  6:54PM No. 3255

Apr.29. 2004  9:16AM   J.A. MIHALIK                           No.4693   P. 2

ALL that certain lot, parcel or tract of land, situate and lying in the Borough of Essex Fells, County of Essex and State of New Jersey being more particularly described as follows:

BEGINNING at a point in the curved Northwesterly line of Park Lane (50.00 feet wide) distant 661.44 feet Northeastwardly from the Southeasterly line of Roseland Avenue and extends, thence;

(1)      North 41 degrees 31 minutes 00 seconds West, distant 269.51 feet to a point, thence

(2)      North 46 degrees 02 minutes East, distant 4.02 feet to an angle, thence

(3)      North 49 degrees 01 minutes 30 seconds East, distant 54.22 feet to a point, thence

(4)      South 41 degrees 31 minutes 00 seconds East, distant 283.53 feet to a point in the curved Northwesterly line of Park Lane, thence

(5)      Southwestwardly along the curved Northwesterly line of Park Lane, curving to the right with a radius of 1321.22 feet an arc distance of 55.64 feet to a point of reverse curve, thence .

(6)      Southwestwardly still along the curved Northwesterly line of Park Lane, curving to the left, with a radius of 501.13 feet an arc distance of 4.36 feet to the point and place of beginning.

Known and Designated as Lot No. 14 on a map entitled "Revised Map of Fells Park, situated in the Borough of Caldwell and Essex Fells, surveyed February 1928 by Ernest Baechlin, C.E. Bloomfield, NJ"

FOR INFORMATIONAL PURPOSES ONLY:  Also known as Lot 14, Block 30.A on the Borough of Essex Fells Tax Map.

The above description was drawn in accordance with a survey prepared by Richard J. Hingos, INc., dated 7/23/02.

Received Time Mar. 3. 2010  6:54PM No. 3255

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>VALLEY NATIONAL BANK | DEFENDANTS<br>JUSTIN ALLEN MIHALIK |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>KENNETH L. RORSE, ESQ., 161 Prospect Street, Passaic,<br>New Jersey 07055, Tel. (973) 779-0100 | ATTORNEYS (If Known)<br>DANIEL J. YABLONSKY, ESQ., 1430 Route 23 North,<br>Wayne, New Jersey 07470 |
| PARTY (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debtor made material misrepresentations of facts on financial statements submitted to Plaintiff. Debtor intentionally and
deliberately failed to advise Plaintiff of his divesture of his ownership interest in the marital home in violation of 11 U.S.C. 532(a)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §§523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

    **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – reinstatement of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if
    unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ 69,607.82 |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Justin Allen Mihalik | | BANKRUPTCY CASE NO.<br>10-14423-NLW |
| DISTRICT IN WHICH CASE IS PENDING<br>District of New Jersey (Newark) | DIVISIONAL OFFICE | NAME OF JUDGE<br>Novalyn L. Winfield, J.U.S.B. |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>3/26/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kenneth L. Rose, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.